UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **BBVA COMPASS BANK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| **DVN DEVELOPMENT LLC,** | § | |
| **DANNY M. VINES, and** | § | |
| **NANCY VINES** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF BBVA COMPASS BANK'S
ORIGINAL COMPLAINT**

Plaintiff BBVA Compass Bank ("Compass") files this Original Complaint against Defendants DVN Development LLC ("DVN"), Danny M. Vines ("Mr. Vines"), and Nancy Vines ("Mrs. Vines") (collectively, "Defendants") and respectfully shows the following:

**PARTIES**

1.   Plaintiff Compass is a state banking corporation organized under the laws of the State of Alabama and having its principal place of business in Birmingham, Alabama.

2.   Defendant DVN is a limited liability company organized and existing under the laws of the state of Texas and may be served with process by serving its registered agent, Danny M. Vines, 5318 Ted Trout Drive, Lufkin, TX 75904.

3. Defendant Mr. Vines is an individual and may be served with process at 5318 Ted Trout Drive, Lufkin, TX 75904.

4. Defendant Mrs. Vines is an individual and may be served with process at 5318 Ted Trout Drive, Lufkin, TX 75904.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount of controversy exceeds $75,000.00, exclusive of interest and cost.

6. The venue is proper in this district pursuant to 28 U.S.C. § 1391, because substantially all of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. On or about July 27, 2007, for valuable consideration, DVN executed and delivered to Compass's predecessor-in-interest, Guaranty Bank ("Original Noteholder"), a promissory note, dated July 27, 2007, payable to Original Noteholder in the original principal amount of $650,000.00 (the "Note"), pertaining to a loan from Original Noteholder to DVN (the "Loan"). A true and correct copy of the Note is attached as Exhibit A and is incorporated herein by reference as if fully set forth.

8. In conjunction with the Note, DVN and Original Noteholder executed a letter loan agreement, dated July 27, 2007, which specified the terms and conditions of the Loan of $650,000.00 to DVN (the "Letter Loan

Agreement"). A true and correct copy of the Letter Loan Agreement is attached as Exhibit B and is incorporated herein by reference as if fully set forth.

9. The Letter Loan Agreement required DVN to use the proceeds to refinance an existing loan related to Copper Creek residential development and finance the development of Phase II (Copper Cove Estates), located in Hudson, Texas (the "Property").

10. The Note was secured by, among other things, a Deed of Trust, Security Agreement and Financing Statement, dated July 27, 2007.

11. On or about July 27, 2007, Mr. and Mrs. Vines executed a Guaranty Agreement (the "Guaranty"), whereby each agreed to be primarily and jointly and severely liable for the payment of the Note. A true and correct copy of the Guaranty is attached as Exhibit C and are incorporated herein by reference as if fully set forth. (Mr. and Mrs. Vines are collectively, the "Guarantors.")

12. On or about August 21, 2009, pursuant to a Purchase and Assumption Agreement, Compass became the successor-in-interest to Original Noteholder and thereby assumed the responsibilities and benefits of Original Noteholder under the Note, the Guaranty, and the Letter Loan Agreement. A true and correct copy of the Purchase and Assumption Agreement is attached as Exhibit D and incorporated herein by reference as if fully set forth. (The Note, Deed of Trust, Security Agreement, Financing Statement, Letter Loan Agreement, Guaranty, and subsequent amendments are collectively, the "Loan Documents.")

13. On February 26, 2008, DVN and Original Noteholder executed a First Amendment to Loan Agreement (the "First Amendment"). A true and correct copy of the First Amendment is attached as Exhibit E and is incorporated herein by reference as if fully set forth.

14. On or about July 26, 2008, DVN and Original Noteholder executed another amendment, the Second Amendment to Loan Agreement, thereby extending the maturity date to October 24, 2008 (the "Second Amendment"). A true and correct copy of the Second Amendment is attached as Exhibit F and is incorporated herein by reference as if fully set forth.

15. On or about September 26, 2008, DVN and Original Noteholder executed another amendment, the Third Amendment to Loan Agreement, which thereby extended the maturity date for the loan to September 25, 2009 (the "Third Amendment"). A true and correct copy of the Third Amendment is attached as Exhibit G and is incorporated herein by reference as if fully set forth.

16. On or about September 25, 2009, DVN and Compass (as successor-in-interest to Original Noteholder) executed another amendment, the Fourth Amendment to Loan Agreement, which thereby extended the maturity date for the loan to May 31, 2010 (the "Fourth Amendment"). A true and correct copy of the Fourth Amendment is attached as Exhibit H and is incorporated herein by reference as if fully set forth.

17. At the time the parties executed the Fourth Amendment, DVN affirmed that the outstanding principal balance on the loan was $587,790.65.

18. On or about May 31, 2010, DVN and Compass executed another amendment, the Fifth Amendment to Loan Agreement, which thereby extended the maturity date for the loan to January 31, 2011 (the "Fifth Amendment"). A true and correct copy of the Fifth Amendment is attached as Exhibit I and is incorporated herein by reference as if fully set forth.

19. At the time the parties executed the Fifth Amendment, DVN affirmed that the outstanding principal balance on the loan was $587,790.65.

20. By letter, dated December 28, 2010, Compass notified DVN and the Guarantors that DVN was in default for failure to pay certain amounts due under the Loan Documents (the "Notice of Default and Intent to Accelerate"). Compass further demanded payment for all such past due amounts on or before 12:00 p.m., Central Standard Time, on January 10, 2011 or Compass would accelerate the maturity of all principal, accrued interest, and other amounts payable under the Loan Documents. The Notice of Default and Intent to Accelerate also notified DVN and the Guarantors that if the default was not cured, Compass would exercise its rights under the Loan Documents, at law or in equity, including without limitation a non-judicial foreclosure sale of the Property. It further stated that if the Property was sold at a foreclosure sale for an amount insufficient to satisfy the amounts due under the Loan Documents, DVN and Guarantors would be liable for the deficiency. DVN failed to make any payment to Compass after the Notice of Default and Intent to Accelerate.

21. By letter, dated January 14, 2011, Compass notified DVN and the Guarantors that the default described in the Notice of Default and Intent to Accelerate had not been cured, and that Compass was accelerating payment under the Note (the "Notice of Acceleration"). Thus, Compass demanded immediate payment of all principal, accrued interest, and other amounts payable under the Loan Documents. DVN failed to make any payment to Compass after the Notice of Acceleration. The Loan matured on January 31, 2011.

22. By letter, dated March 9, 2011, Compass notified DVN and the Guarantors that the Note matured by its terms on January 31, 2011 (the "Notice of Acceleration and Intent to Conduct a Non-Judicial Foreclosure"). Compass further notified DVN and the Guarantors that it had instructed the Substitute Trustee to foreclose the lien of the Deed of Trust and to sell the Property pursuant to a Substitute Trustee's Sale, unless the full amount of all principal, accrued interest and other amounts due under the Loan Documents were paid in full prior to the date of the foreclosure sale. Compass again reminded DVN and the Guarantors that if the Property was sold at a foreclosure sale for an amount insufficient to satisfy the amounts due under the Loan Documents, DVN and Guarantors would be liable for the deficiency.

23. By letter, dated March 14, 2011, Compass notified DVN and the Guarantors that the Property would be sold at a non-judicial foreclosure sale on April 5, 2011 at 10:00 a.m. (or not later than three hours thereafter) (the "Sale").

DVN failed to pay in full the principal, accrued interest, and other amounts due under the Loan Documents to Compass before the Sale.

24. On April 5, a buyer purchased the Property for $255,684.00 at the Sale, leaving a deficiency of $400,107.64, including principal, accrued interest, and other charges under the Loan Documents. Defendants have not made any payments to Compass since the Sale.

25. As such, Defendants are jointly and severely liable for payment of the deficiency pursuant to the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty.

## CLAIMS

I. **Suit on the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty.**

26. Plaintiff incorporates by reference the preceding and following paragraphs for all purposes.

27. Compass alleges that Defendants have breached their contractual duties and obligations to Compass by failing and/or refusing to make the principal and interest payments as required by the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty. As a result of this breach, Compass is entitled to recover the deficiency of the unpaid balance, interest, and other costs and expenses, which remain due and owing under the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty.

## CONDITIONS PRECEDENT

28.  All conditions precedent to Compass's recovery have occurred or have been performed.

## ATTORNEYS' FEES AND COSTS

29.  As a result of Defendants' failure and refusal to pay the total amount due and owing under the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty, Compass has engaged the law firm of Thompson & Knight LLP.

30.  Pursuant to the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty and to Texas Civil Practice and Remedies Code section 38.001, Compass is entitled to recover from Defendants its reasonable and necessary attorneys' fees, as well as all costs of court for the prosecution of this claim, including any appeals.

## PRAYER

31.  Compass prays that Defendants be cited to appear and answer herein, and that Compass be awarded a judgment against Defendants jointly and severely for:

(i)  the deficiency amount due under the terms of the Note, the Letter Loan Agreement (and subsequent amendments), and the Guaranty including, without limitation, principal, interest, and fees in the amount of at least $400,107.64;

(ii)  reasonable and necessary attorneys' fees, expenses, and costs of court incurred by Compass to prosecute this claim, including all appeals;

    (iii)    pre-judgment and post-judgment interests at the maximum rate permitted under the laws of the State of Texas; and

    (iv)    such other and further relief, both at law and in equity, to which Compass may be justly entitled.

**DATED:**    July 7, 2011

Respectfully submitted,

By:    /s/ *Hunter M. Barrow*
Hunter M. Barrow
Federal Admission No. 25828
State Bar No. 24025240

THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
(713) 654-8111
(713) 654-1871 Telecopier

**ATTORNEY-IN-CHARGE FOR PLAINTIFF BBVA COMPASS BANK**